IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VERIZON CALIFORNIA INC.,

    Plaintiff,

v.

MICHAEL R. PEEVEY, et al.,

    Defendants.

NO. C03-2838 TEH

ORDER REQUESTING SUPPLEMENTAL BRIEFING AND CONTINUING HEARING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Currently pending before the Court is a motion for reconsideration brought by Plaintiff Verizon California Inc. ("Verizon"). On December 5, 2005, this Court granted in part and denied in part Verizon's motion for partial summary adjudication. As a remedy, the Court vacated the interim unbundled network element ("UNE") rates set for Verizon by the California Public Utilities Commission ("CPUC") in 2003 and reinstated the UNE rates set in 1997. Verizon now asks the Court to remove from its December 5, 2005 order the provision that the reinstated 1997 rates "shall be subject to true-up once permanent UNE rates are established."

In a letter dated March 23, 2006, counsel for Defendants informed the Court that the CPUC issued Decision 06-03-025, which set permanent UNE rates for Verizon, on March 20, 2006.[1] In that decision, the CPUC also ordered that:

> As set forth in D.03-03-033, Verizon must adjust, or "true-up" the interim rates it has charged since March 2003 for loops and switching to the new rates adopted in this order. In other words, Verizon must calculate whether its interim rates are higher or lower than today's newly adopted rates, and whether it has over or under-collected the appropriate revenues for any UNEs it sold at interim rates.
> . . .

---

[1] The letter erroneously states that the decision was issued on March 20, 2005. The decision is dated March 15, 2006, but was not published until March 20, 2006. *See* http://www.cpuc.ca.gov/published/final_decision/54579.htm.

> On December 5, 2005, the U.S. District Court vacated interim rates established by D.03-03-033 and reinstated UNE rates originally adopted for Verizon in D.97-01-022. . . . Thus, any billing adjustments must also consider the effect of this court action on UNE rates.
>
> Within 90 days of the date of this order, Verizon should calculate any billing adjustments owed to or by interconnecting carriers based on the modification of interim rates set in D.03-03-033, and revised in D.05-01-057, and the court's decision vacating interim rates. For the same reasons noted in the SBC UNE order, we will stay the effective date of any true-up until its amount can be calculated and further proceedings held to determine payment options or consider other mitigations to minimize negative financial effects of the true-up on competitive carriers. The ALJ will issue a ruling within 30 days of this order setting a prehearing conference to initiate the true-up phase of this proceeding.

CPUC Decision 06-03-025 at 134. Because this decision was not issued until after Verizon filed its reply brief, Verizon has not yet had an opportunity to address the effect of the adoption of permanent rates and the CPUC's ordering of a true-up on Verizon's motion for reconsideration. In its letter, the CPUC contends that the permanent rate order "renders moot many, if not all, of the arguments raised by Verizon in its Motion for Reconsideration." Mar. 23, 2006 letter from K. Lippi to the Court at 2. In a letter dated March 27, 2006, Verizon's counsel requested an opportunity to provide further briefing if the Court were inclined to entertain the CPUC's suggestion that Verizon's motion might now be moot.

Upon initial review, the CPUC's position appears to have merit. The Court makes no determination on the merits of Verizon's motion at this time; however, even if the Court were to grant Verizon's motion, that would not appear to preclude the CPUC from considering on remand whether to make the interim rates subject to true-up. Notably, Verizon failed to oppose the CPUC's suggestion that the Court's December 5, 2005 order "does not . . . prevent the Commission from making a determination that the rates should be trued-up." Opp'n at 8. Given the above language in the permanent rate order, it seems reasonably clear that, if this Court were to remand the true-up issue to the CPUC, the CPUC would order the result already dictated by the permanent rate order – i.e., that the 1997 rates would be subject to true-up as of the date of the 2003 interim rate order. Consequently, it therefore appears

1  that Verizon's request for this Court to remove the "subject to true-up" provision from its
2  December 5, 2005 order is now moot.[2]

3  However, the Court does not now definitively decide this issue because Verizon has
4  had no opportunity to respond to the CPUC's suggestion that the permanent rate order moots
5  Verizon's motion for reconsideration. Accordingly, with good cause appearing, IT IS
6  HEREBY ORDERED that:

7  1. The hearing on Verizon's motion for reconsideration is continued from Monday,
8  April 3, 2006, to **Monday, May 8, 2006, at 10:00 AM.**

9  2. The parties shall file simultaneous opening briefs on the mootness issue on or
10  before **Wednesday, April 12, 2006,** and simultaneous reply briefs on or before **Monday,**
11  **April 24, 2006.** Each brief shall be no longer than five pages.

13  **IT IS SO ORDERED.**

15  Dated: 03/29/06

   THELTON E. HENDERSON, JUDGE
   UNITED STATES DISTRICT COURT

---

[2] Verizon may be able to challenge the CPUC's decision to make the reinstated 1997 rates subject to true-up, but that would need to be the subject of a subsequent lawsuit. Whether the CPUC had the authority to order the 1997 rates to be subject to true-up in 2003 is not before the Court in this case. Verizon only notes in a footnote in its motion for reconsideration that it does not concede that a stand-alone true-up provision – i.e., a true-up using existing rates, as opposed to at true-up based on newly imposed interim rates – would be a proper exercise of the CPUC's authority, but the company has never directly challenged the CPUC's authority to order such a provision. Similarly, this case does not concern whether the CPUC has the authority to order a true-up of interim rates that is retroactive to an earlier date.

3